**MINNESOTA: IN THE UNITED STATES DISTRICT COURT OF THE CITY OF MINNEAPOLIS**

JERRY SMITH,

       Plaintiff,

v.                                                            CASE NO.  25-cv-700-KMM/ECW

**Serve:** HONORABLE JAMIE ANDERSON, DISTRICT JUDGE, 4TH JUDICIAL DISTRICT, HENNEPIN COUNTY COURTHOUSE, 300 SOUTH SIXTH STREET, MINNEAPOLIS, MINNESOTA 55487

HONORABLE JENNEFER L. FRISCH, CHIEF JUDGE, & Susan L. Segal, Chief Judge, MINNESOTA APPELLATE COURT, 300 MINNESOTA JUDICIAL CENTER, 25 REV. DR, NARTIN KUTHER KING JR, BLVD., SAINT PAUL, MINNESOTA 55155

**LEAGUEL MINNESOTA CITIES**

Patrick L. Arneson (#301942)

145 University Avenue West

St. Paul, MN 55103-2044

Telephone: 651.281.1230

Facsimile: 651.281.1298

Email: parnesoni@lmc.org

**JARDINE, LOGAN & O**

**BRIEN**

Elisa M. Hatlevig (A.R. #0336920)

Trevor S. Johnson (A.R. #0400849)

519 Eagle Point Boulevard, Suite 100· Lake Elmo, MN 55042-8624

Telephone: (651) 290-6500

Facsimile: (651) 223-5070

E-Mail: ehatlevig@jlolaw.com

tjohnson@jlolaw.com

RECEIVED

FEB 2 1 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**STEMPEL & ASSOCIATES**

**Richard S Stempel**

5975 Cathcart Dr, Excelsior, MN, 55331-8916

**HINSHAW & Culbertson**

Jessica Hutchinson, Reg. No.0403616

Palette S. Sarp, Reg. No. 351453

250 Nicollet Mall

Suite 1150

Minneapolis, Mn.  55401

Telephone: 612 333-3434

Facsimile: 612 334-8888

psarp@hinshawlaw.com

jhutchinson@hinshawlaw.com

Attorneys for Defendants Thes Hartford and AARP


Scott G. Williams #0349410

Lindsey A. Streicher #0397862

30 East Seventh Street, Suite 3200 St. Paul, MN 55101-4919

Telephone: (651) 227-9411

Fax: (651) 223-5199

*swilliams@hkmlawgroup.com*

*Attorneys for Defendants State Farm Fire and*

*Casualty Company, improperly named State Farm*

*Mutual Automobile Insurance and Michael L. Tipsord*

**OGLETREE, Deakins, Nash, Smoak and Stewart, P. C.**

**HAL A. SHILLIMGSTADT (195777)**

**225 South 6TH STREET SUITE 1800**

**Minneapolis, Minnesota 55402**

**Telephone 612 339-1818**

**Fax 612 339-0061**

hal.shillingstadt@ogletree.com

**JAPS-OLSON**

**STINSON LLC**

**SHARON** MARKOWTIZ

50 South Sixth Street, Suite 2600,

MINNESPOLIS, MINNESOTA 55402

**Olgletree & Deakins, Nash, Smoak & STEWART, P. C.**

Paula K. MALDONODO

225 South Sixth Street

Minneapolis, Minnesota 55402

Defendants.

**COMPLAINT**

COMES NOW the Plaintiff, Jerry Smith, (hereinafter referred to as "SMITH'), by counsel pro se, and moves this Honorable Court for a judgment and award of execution against the Defendants in the amount of **FFTY MILLION DOLLARS and 00/100 ($50,000,000.00),** together with prejudgment interest from DECEMBER 28, 2023, as well as his costs expended, and such other and further relief as this Court may deem appropriate, for the reasons more particularly set forth as follows:

**PARTIES**

1. Smith, a resident of (Minneapolis) Minneapolis, Minnesota, is an individual who at all relevant times was an individual that litigated a civil rights lawsuit against parties whom defendants decided and represented against Smith in the District Court of Hennepin County, Minneapolis, Minnesota. The defendants (LISTED & NAMED, SUPRA) are a district and two (2) appellate judges and several employees who ran, operated or worked At law firms that operate as local/ national corporations located at: 300 South 6th Street, Hennepin County Courthouse, Minneapolis, Minnesota 55487; 300 MINNESOTA JUDICIAL CENTER, 25 REV. DR. MARTIN LUTHER KING JR, BLVD., SAINT PAUL, MINNESOTA 55155 30 East Seventh Street, Suite 3200 St. Paul, MN 55101in Minneapolis, Minnesota and owns, employed by, runs and operates the Corporations located at the following addresses:

300 South 6th Street, , Minneapolis, Minnesota; , 55487 (Minneapolis; 8519 Eagle Point Boulevard, Suite 100· Lake Elmo, MN 55042-8624; (Washington); 5975 Cathcart Dr, Excelsior, MN, 55331-8916 (Minneapolis) ; 250 Nicollet Mall Suite 1150, Minneapolis, Mn. 55401**; 225 South** 6TH **STREET SUITE 1800 Minneapolis, Minnesota 55402; 50 South Sixth Street, Suite 2600; MIN N ESPOLIS, MINNESOTA 55402; 145 University Avenue West, St. Paul, Minnesota 55103-20441.**

**ALL PARTIES ARE SUED IN THEIR OFFICIAL AMD PERSONAL CAPACCITY.**

FACTS

2    On December 28, 2023, Smith filed a lawsuit Case No, 27 Civ, 19463 in the District Court of Hennepin County, 4TH Judicial District, Minneapolis, Minnesota. The case was assigned to Honorable District Judge Jamie Anderson. **See Appendix 1 .**

3    On February 5, 2024, Japs-Olson, a printing corporation located in St. Louis Park, Minnesota, filed a Notice of Removal of the case to federal court; Moreover, all other parties consented to the removal, including Defendants (except Defendants Anderson, FRISCH and Segal) filing separate motions of appearance joining Jap-Olson removal request. **See State Log of Pleading-Notice of Removal to Federal Court, Exhibit B, page 3, paras 3-4. See Appendix 2.**

4    **1/** Subsequent all Defendants filed motions, including the amended complaint, to dismiss Smith's lawsuit (Except Judge Anderson, FRISCH and Segal).

5    All Defendants requests to dismiss Smith case was denied by Federal Judge John Tunheim in an order entered on May 28, 2024. Defendants did not appeal this FINAL ruling. Defendants Patrick Arneson, Elisa M. Hatlevig (A.R. #0336920), Trevor S. Johnson (A.R. #0400849), **Richard S Stempel ,**Jessica Hutchinson, Reg. No.0403616 Palette S. Sarp, Reg. No. 351453, Scott G. Williams #0349410, Lindsey A. Streicher #0397862, **HAL A. SHILLIMGSTADT (195777) and SHARON** MARKOWTIZ (Collectively) knew or should have known their failure to appeal a "final order of denial of a motion to dismiss" serves as a waiver of ones right and tolls any review of said matter in the future.

6    Defendants filed a 2nd motion to dismiss in state court after the case was remanded and at the September 3, 224, hearing Defendant Anderson refused to allow Smith to object and given reason (s) why this was not permitted.

7.  Defendant knew or should have known their conduct set forth in paragraphs 4-5, supra, was unlawful, constitute "Fraud" upon the court and was fundamental error of Smith's right to be heard on this matter. Smith argue Defendant Anderson erred when it granted permission to file a new motion to dismiss and/or when it denied Smith's request to be heard on this matter to dismiss because (1) the law-of-the-case doctrine prevents the district court from reconsidering the federal court's earlier ruling and (2) the Defendant failed to provide any justification to warrant reconsidering the original motion.

8. The law is clear Under the amended complaint rule, "[i]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing Washer v. Bullitt County, 110 U.S. 558, 562 (1884)). After the amended complaint was filed, there was no longer an original complaint to consider or reconsider.

9.  Defendants further committed "fraud" in state court after the remand and Smith case was returned by alleging to Defendant Anderson they had no knowledge which complaint was operative in Smith's case and Smith failed to serve copies of his complaint on defendants when Defendants knew or should have known said statements were not true.

10, Smith served Defendants with copies of his amended and supplemental complaint after the federal court granted Smith's request to amend his original complaint, Defendants filed motions to dismiss the amended complaint which was summarily denied by Federal Judge Tunheim on May 28, 2024.

11. Defendants conduct and actions were intentional, deliberate and detrimental to Smith because Defendant Anderson relied on those allegations when (a) denying Smith's request to be heard on the federal record, (b) holding the "original" complaint was the operative complaint and not the "amended complaint": (c) ordering Smith to serve copies of the

original complaint on Defendants; (d) failing to address Smith's objections to the scheduling order; (e)) denying Smith's request for default judgments; (f) denying Smith's request to strike Defendants request to dismiss Smith complaint; and (g) issuing seven separate FINAL orders dismissing Smith complaint.

12.   The May 28, 2024, order of the federal court District Court Judge Tunheim granted Smith request to amend and supplement Smith original complaint (**Doc. 63 and 73-pleading filed in federal court by Smith**) and Smith request to return the case back to state court Hennepin County, Minneapolis, Minnesota.  The remand order was filed in state court on 6-3-2024. All defendants were aware and had knowledge of these material facts

13.   On July 15, 2024, Defendant Andersson conducted a status hearing of the case after the remand from federal court. All parties were present including Defendants, during the proceedings. Defendant Anderson advised that she had not yet received and/or read the remand order and was not in a position at this time to proceed in the matter. Defendant Anderson further advised all parties she would take a week or longer to get up to speed on the case and subsequent issue a scheduling order in the case.

14.   Smith requested Defendant Anderson to order the state clerk office to request copies of the federal pleading in the removal to federal court be obtained and filed in the state case so the district court would have an adequate record to determine what occurred when the case was removed by defendants. Defendant Anderson commented to the effect that she does not tell federal court how to run their court and she will run her court as she pleased. Smith advised Defendant Anderson the federal record was essential in assisting the district court in addressing pleading all parties would be filing in the instant case and Smith intends to reference in his pleading to be filed moving forward matters that occurred in federal court when the case was removed by defendants. Defendant Anderson denied Smith request to have the pleading filed in federal court to be filed in the state case.

15.   Smith filed with the state court a certified copy of the federal log listing all pleadings filed

in federal court during the removal process.  **See Appendix 3. Federal Log Listing Pleadings Filed**

16. Defendant Anderson ordered Smith could only make reference and arguments to Defendants motion to dismiss from allegations set forth in Smith's original complaint because that is the operative complaint as far as Judge Anderson was concerned. Smith noted his objection to Defendant Anderson ruling and requested a continuous ruling on this matter with regards to all Defendants motions to dismiss Smith complaint. Defendant Anderson granted Smith's request.

17. At **the** September 3, 2024, hearing Smith requested Defendant Anderson for a continuous in order to reply to Defendants motions to dismiss Smith's complaint and Defendant Anderson advised Smith she would rule on that request later but never did make a ruling prior to granting Defendants motion to dismiss

18. Smith filed his supplemental and amended complaints in state court, served same a 2nd time on defendants, supra, and Defendant Anderson failed to and refused to acknowledge them in denying Smith's request for a temporary restraining order or in granting Defendants motion to dismiss Smith's complaint.

19. On July 16, 2024, Defendant Anderson issued a Scheduling Order in the case notwithstanding her admissions the district court was not up to speed with the case after the remand. **2/**

20. On 7-23-2024, Smith filed his response and objections to Defendant Anderson Scheduling Order requesting the district court to correct material fact findings made in error by Defendant Anderson and to make additional finding of facts and conclusion of law. **See Appendix4. Smith Objection to Scheduling Order**

21. On 9-3-2024 the district court conducted a hearing on Smith's request for Temporary Restraining Order requiring Defendants pay Smith Minnesota No-Fault Benefits
;

---

2. At the hearing Defendant Anderson advised all parties if they had any response or objections to the scheduling order when the district court issue it parties could file their concerns with Defendant Anderson and the district court would take them under advisement.

22. Smith inquired whether the district court going to address Smith's response and objections to the Scheduling Order and Defendant Anderson advised Smith that it was not going to do so. Smith requested Defendant Anderson to state on the record the reason (s) why Defendant Anderson denied Smith's request Defendant Anderson stated to Smith she did not have to give Smith any reasons why she denied Smith request. Defendant Anderson did not provide an explanation on this subject matter.

23. Smith further inquired whether Smith was going to be permitted to call witnesses at the TRO hearing and Judge Anderson replied that she does not permit witnesses 4/ to testify at TROhearing; Smith requested Judge Anderson to place on the record the reason (s) why the district court was taking such a drastic measure and Judge Anderson advised Smith she does not have to have a reason and/or have to provide Smith with one. Smith advised Defendant Anderson he object to the district court position taken on this matter.

24. Smith inquired whether Defendant Anderson was in receipt of a letter from Smith's attending doctor advising the district court of material facts affecting Smith's case and Defendant Anderson advised Smith she had received said correspondence from Dr. Susan Ferron and Defendant Anderson advised Smith the court will not allow this relevant information to be considered by the district court. Defendant Anderson failed to provide any rational reason for her decision. **See Appendix 5 Correspondence From Dr. Susan Ferron**

25. Smith requested Defendant Anderson to approve payment for issuance of several subpoenas for witnesses Smith intended to call as part of his case on the temporary restraining hearing; Defendant Anderson denied Smith's request based on Smith's failure to demonstrate the need for said witnesses; Smith corrected this matter and filed for re-consideration of this matter based on the specific material facts alleged in Smith motion to Defendant Anderson. Defendant Anderson failed to address these concerns. **See Appendix 6. Smith Motion For Re-Consideration of Order Denying Subpoenas**

26. Following the foregoing events Smith filed his motion and affidavit to recuse Defendant Anderson. Defendant Anderson failed to address this claim for cause. See Appendix 7. **Copy of Smith's Petition for Writ of Prohibition** 3/

27. Defendant Anderson set the matter down for hearing on October 1, 2024. During the hearing Defendant Anderson refused to address Smith request that she step-aside; Defendant Anderson stated on the record that she would take this matter under advisement and turned her attention to addressing Defendants motions to dismiss Smith's complaint. Smith objected to this conduct and reminded Defendant Anderson was violating the Minnesota Appellate opinions concerning this subject matter.

---

3. The timely filing and service of a notice under Rule 63.03 automatically results in the judge's removal. See McClelland v. Pierce, 376 N.W.2d 217, 219 (Minn. 1985) ("Proof of actual bias or prejudice is not required; the affidavit of prejudice itself is enough."); Peterson v. Bartels, 170 N.W.2d 572, 574 (Minn. 1969) (explaining that a timely affidavit of prejudice filed under previous Rule 63.03 required the trial court judge "to disqualify himself"); Jones v. Jones, 64 N.W.2d 508, 514 (Minn. 1954) (explaining that the timely filing of an affidavit of prejudice "operates ipso facto to disqualify the presiding judge from judicial discretion"). 3/ A judge' failure to step aside when a timely notice is filed and served is reversible error. See Peterson, 170 N.W.2d at 574 (explaining that when a party has complied with the rule, "it was error for the trial court not to disqualify himself")

28. On October 23, 2024, Judge Anderson decided and issued an order denying Smith request of removal.

29. On November 5, 2024, Smith filed a Writ of Prohibition against Defendant Anderson with the Minnesota Court of Appeals, Case No. A24-1746, ensuring that A judge follow the rules and law governing their activity when enacting with parties in a judicial setting and when a judge action is challenged for cause. The appellate court ordered Smith to pay the $550.00 dollar filing fee and/or a copy of a district court order waiving filing fee on appeal; and to provide proof of service of the petition on all respondents. **See Appendix 9 Copy of Appellate Court Order Dated November 5,2024.**

30. Smith submitted s certified copy of the fee waiver r order issued to Smith in the district court dated December 28, 2023 and the appellate court clerk refused to accept that order although the order had not expired within the one-year time limitation of issuance by the district court. Thid violated Smith 1st and 14th amendment right to redress of grievance and equal protection of the law under the U. S. Constitutions and Minnesota State Constitution. It further constitutes retaliation against Smith for exercising said right. Moreover, it violates Smith's right to enter into and make contracts. **See Appendix 10 Copy of District Court Order Granting Fee Waiver to Smith**.

31. Smith filed a 2nd forma pauperis application with district court requesting a fee waiver to prosecute his Writ of Prohibition on appeal;

32. Defendant Anderson addressed and denied Smith's request for a fee waiver. This matter should not have been adjudicated by Defendant Anderson because she knew or should have known Smith's appeal to the Minnesota Appellate Court challenged her unlawful conduct in handling Smith case pending before the district court. Therefor it was inappropriate for her to handle this matter. She further denied the fee waiver based on Smith's inability to pay because Smith only had less than fifty ($50,00) dollars at the time she denied Smith's request for the fee waiver.

33. Defendant Anderson conduct alleged in paragraphs 14-32, supra, violates Smith constitutional right to redress of grievance, retaliation for exercising said right, due process of law and equal protection of the law pursuant to the 1st, 5th, 8th and 14th amendments of the U. S. Constitution and the Minnesota State Constitution. It further violates Smith's right to make and enter into a contract.

34. Upon infom1ation and belief, including Defendant Anderson actions after Smith advised Defendant Anderson of the Minnesota Appellate authority on removal of judges it became succinct that Defendant Anderson had no intention of stepping-aside as a judge on Smith's case This is shown by the following actions of Defendant Anderson following Smith's request for removal:

1) She took the removal request under advisement; this is not permitted under the authority of removal of a judge set forth by authorities of the Minnesota Appellate Court;

2) She continued to conduct judicial proceedings by conducting a hearing (same day) on party motion to dismiss Smith complaint;

3) She adjudicated the party motion to dismiss and granted several final orders to the parties without ruling on Smith request for a continuous to reply to their motions to dismiss Smith complaint;

4) She denied Smith's request for a fee waiver to appeal her conduct alleged by Smith in the Writ of Prohibition to the Minnesota Appellate Court;

5) She denied Smith's request to call witnesses at the temporary restraining order hearing because of her unlawful policy/custom created unlawful R U L E not allowing parties to call witnesses at temporary restraining order hearing; and denying Smith's request to subpoena witnesses at the TRO hearing;

6) She failed to rule on Smith's objections to the scheduling order issued July 16, 2024; and failed to allow Smith to complete discover as set forth in the scheduling order.

7) She failed to address the issue raised by Smith because all parties filed representation affidavits of defendants when the case was removed to federal court Smith could serve defendants attorney with copies of Smith's Summons and Complaint pursuant to Minnesota Rule of Civil Procedure 5. 13;

8) She wrongfully decided dismissal of Smith's motions to strike and motion for default judgment against defendants.

9) She failed to rule upon Smith's motion for an order requesting to be provided a copy of personal information, i.e., address, of Defendant Witcher so that Smith could cause her to be served with a copy of summon and complaint after two (2) failed attempts by the Hennepin Sheriff's Office to serve Ms. Witcher on behalf of Smith.

35. On or about November 15, 2024, Smith appealed Defendant Anderson's actions denying the fee waiver to the Minnesota Court of Appeals requesting Defendant Anderson conduct be reviewed, corrected and an order for the fee waiver be re-considered and granted so Smith could prosecute his Writ of Prohibition pending with the appellate court. **SEE APPENDIX 11. Copy of Smith's Appeal Request.**

36. On November 25, 2024, Defendant Segal, Chief Judge, Minnesota Court of Appeals, denied Smith's request and issued an order directing Smith to comply with the following actions:

**"IT IS HEREBY ORDERED:**

1.      On or before December 6, 2024, petitioner shall (a) file proof of service of the petition counsel for respondents Japs-Olson Company, Mike Beddor, and Jesse Dodge; (b) file proof of service of the petition on self-represented respondent Yesnia Del Carmen Witcher; (c) pay the $550 filing fee or file a copy of a district court order waiving the filing fee on appeal; and (d) file a copy of the petition with the district court administrator

2.      Petitioner's failure to comply with this order may result in the imposition of sanctions, including dismissal of the appeal.

-10-

The clerk of the appellate courts shall provide copies of this order to the

Honorable Jamie L. Anderson, the self-represented petitioner, respondents or their

counsel if represented, and the district court administrator."

**Dated:** November 25, 2024."

37. Smith complied with Defendant Frisch order and filed his response with the appellate court. Although Defendant Fisch failed to grant Smith request to re-consider and correct Defendant Anderson conduct, the record is succinct that she knew or should have known Smith had only $50.00 dollars in his checking account and, therefore, was unable to pay the filing fee as ordered by Defendant Fisch for Smith to comply with.

38. This violated Smith right to pursue redress of grievances, to enter into and make contracts as guaranteed to Smith in the 1st, 5tj and 14th amendments to the U. S. Constitution and the Minesota State Constitution.

39. Smith filed his Notice of Appeal, Request for Transcripts and 3rd fee waiver request with the district court from all final orders entered by Defendant Anderson.

40. Defendant Anderson deliberately disregarded taking judicial notice of Smith Notice of Appeal and request for Transcripts and focused only on Smith 3rd request for fee waiver and she (wrongly) assumed this is an attempt on Smith's part to obtain a fee order to appeal and pay the filing fee on Smith appeal pending with the Minnesota Court of Appeals with respect to Smith's Writ of Prohibition.

41. Defendant Anderson retaliated against Smith by blocking, denying Smith right to seek review of all her conduct on appeal by denying to re-new the December 28, 2023, fee order which had expired. Defendant Anderson knew or should have known the 12-28-2023 fee waiver had expired but deliberately disregard this material fac

42. Based on Defendant Anderson alleged unlawful conduct, supra, Smith has been unable to perfect an appeal from any of the unlawful conduct perpetrated by Defendant Anderson.,

43. Smith is a vulnerable adult and suffers from the following mental and physical impairments a) Major Depression; b) Chronic Back Pain c) P. T. S/ D Disorder; d) Schizoid-Affective Disorder; e) Seasonal Affective Disorder; f) Prostate Cancer; and Arteritis. .

44. Smith provider Defendant Anderson with three (3) letters from Smith medical providers confirming Smith's struggle with the foregoing diagnosis and mental and physical impairment and request to Defendant Anderson to accommodate Smith which Defendant Anderson failed/refused to do.  **See Appendix 11 Letter from Smith Medical Providers**.**: Dr. Nicole Chesson; Dr.**   Sarah Jerome; and Dr. Christine McDonnell

Defendant Anderson is or have been a member of the following organizations:

**Professional Memberships:**

- Hennepin County Bar Association, member (2001 – present)
- Minnesota Supreme Court Advisory Committee on Rules of Procedure Governing Proceedings Under the Minnesota Commitment and Treatment Acts, chair (2015 – 2018)
- MN Supreme Court Joint Workgroup for Mental Health Evaluations in Criminal Proceedings (Minn. R. Crim. Pro. 20), chair (2017)
- Governor's Task Force on Mental Health, member (2016)

**11**

- MN WINGS (Working Interdisciplinary Network of Guardianship Stakeholders) Steering Committee, member (2015 –2 016

**Assignment:**
- Civil – July 2019 to present
- Probate/Mental Health Presiding Judge – March 2013 to June 201

45. Defendant Anderson has extensive experience in the mental health field **4/** but failed to show and/or refused to accommodate Smith with his mental/physical health impairment per request of Smith medical providers.

46. This caused Smith to experience a great deal of stress, pain, suffering and exacerbated Smith mental health diagnosis and required Smith to seek additional medical treatment.

47. Upon infom1ation and belief, including, documents filed by Smith, i. e. Writ of Prohibition, motion for re-hearing of Defendant Anderson action, reported publicly Defendants Segak and Fisch knew or should have known of the unlawful conduct of Defendant Anderson

48. Defendants Segal and Fisch knew or should have known on knew of the unlawful propensities of Defendant Anderson. Failing to observe the rules and law when holding court proceedings with parties like Smith.

49. During Smith experience with Defendant Anderson concerning court proceeding, it became apparent and known to Smith that based on Defendant Anderson demeanor and behavior Smith would not receive a fair and just hearing before Defendant Anderson because Defendant Anderson was an individual to be avoided, and one who had a history of disturbing behavior, including, but not lin1ited to:

a. Failing to allow Smith to call witnesses at the temporary restraining hearing due to her created rule of not allowing same.;

b. Failing to allow material information to be considered when she denied allowing the letter from Smith doctor (Susan Ferron) mailed to her be considered.

c. Advising Smith at the October 1, 024 hearing while Smith was presenting his case that "...The Court Do Not Need to Hear All the Facts,"

d. Failing to recuse her-self when Smith filed his request for removal for cause; and,

-12-

e. Failing to adhere to the rule and law for removal of a district court judge like Defendant Anderson.

50. Defendant Anderson demonstrated a pattern of disturbing behavior leading up to the hearings conducted by Defendant Anderson and, of which Defendant Segal and Finch knew or should have known.

51. Defendant Anderson's behavior prior to the hearings on notice that Defendant Anderson intentionally failed to adhere to the rules and law in Smith's case.

52. Upon information and belief, Defendant Segal & Finch an were aware of Defendant Anderson's behavior and unlawful conduct but failed to take action to correct this matter when called same to their attention by Smith,

53. Upon information and belief, Smith reported Defendant Anderson's unlawful acts and practices to Defendant Segal and Finch a 2nd times when Smith filed his motion for re-consideration of Defendant Anderson order denying a fee waiver, making her behavior and conduct t predictable and foreseeable.

54. Despite Defendant Anderson long-standing pattern of disturbing and threatening behavior, Defendant Segak and Finch t did not take any action to correct Defendant Anderson concerning this matter and to keep Smith safe.

55. Despite Defendant Anderson's long-standing pattern of disturbing and threatening behavior, Defendant Segal and Finch continued to permit Defendant Anderson to deny Smith's right to a fee waiver to perfect an appeal.

56. Defendant Segal & Finch had a special relationship with Defendant Anderson as her supervisor/superior, whereby Defendant Segal and Finch would have corrected this matter promptly when Smith called it to their attention.

57. The extreme and unlawful actions of Defendant Anderson, Segal and Finch were foreseeable by the defendants.

58. Despite the knowledge of Defendants Segal and Finch supervisors/superiors of Defendant Anderson, and despite the pleas from Smith to remove Defendant Anderson from her position of handling Smith's case Defendant Sagel and Finch did nothing.

59. Defendant Segal and Finch's failure to remove Defendant Anderson

60. Defendant Anderson was a dangerous judge who Defendant Segall and Finch knew or should have known was dangerous, unstable, and likely to cause injury, including denial of justice to Smith and to others

13

from handling Smith case constitutes reckless conduct, gross negligence, negligent hiring, and negligent retention of Defendant Anderson, for which it is liable.

61. Defendant Anderson was an out-of-control judge who Defendants Sagel and Finch knew or should have known was dangerous and out-of-control,

unstable, and likely to commit further similar acts of denial of justice to others, such as the retaliation against Smith fir challenging her unorthodox and un-sound rulings, and the actual of blocking and denying Smith right to appeal her adverse ruling to the Minnesota Appellate Court.

62. Defendants Sagel and Finch had a special relationship with Smith and thus had a duty to keep Smith safe from harm, including not to be retaliated against for redress of grievances and challenging Defendant Anderson illegal conduct.

63. The risk of future harm was so grave that appropriate sanctions against Defendant Anderson was the only reasonable response by Defendants Sagel and Finch once learning of Defendant Anderson's unlawful and dangerous propensities.

64. Defendants Sagel and Finch showed utter disregard of prudence, amounting to the complete gross neglect and disregard for the safety of Smith and others by failing to promptly sanction Defendants Anderson for her unlawful conduct against Smith..

65. Upon information and belief Defendants Segak and Fincht were aware of Defendant Anderson despite knowing her propensity for failing to adhere to the rules and law including retaliation against Smith for seeking appellate review of her decisions, which disregard and neglect is shocking to reasonable people.

## COUNT #1

## NEGLIGENT IDRING AND RETENTION

66. Paragraphs 2 through 65 are hereby incorporated by reference.

67. At all relevant times described herein, the defendant Segal snd Finch was an employer and appellate supervisor of Defendant Anderson..

68. Despite being aware that Defendant Anderson was exhibiting unlawful conduct toward Smith, and despite being aware that Defendant Anderson was acting contrary to appellate rules and authority and possibly mentally unstable, Defendants Sagal and Finch did nothing, and allowed Defendant Anderson to remain as a judge on Smith case.

69. Defendant Sagak and Finch t had a duty to terminate and/or order Defendant Anderson to step-aside and remove her-self from handling Smith case as the results of Smith affidavit of bias and prejudice exhibited against Smith by Defendant Anderson, yet failed to do so, resulting in harm to the Smith.

14

Defendant Sagal and Finch breached that duty by:

a. Failing to take action against Defendant Anderson when Smith timely called this matter to their attention and who had shown no intention based on her strange behavior and known propensities for not following the rules and law of the Minnesota Appellate Courts with respect to Smith case,

b. Failing to accept a certified copy of the fee waiver dated December 28, 2023 granted to Smith by the district court to cover the costs for payment for the Writ of Prohibition Smith filed with the Minnesota Court of Appeals on November 5, 2024.

c. The fee waiver dated December 28, 2013 had not expired with in the one -year time limitation

d. Smith was physically injured r ailing to take prompt action against Defendants harmed, and will be physically and emotionally injured and harmed for the rest of his life, as a result of that breach.

70. On November 25, 2024, Defendant Segal, Chief Judge, Minnesota Court of Appeals, denied Smith's request and issued an order directing Smith to comply with the following actions:

## "IT IS HEREBY ORDERED:

3.    On or before December 6, 2024, petitioner shall (a) file proof of service of the petition counsel for respondents Japs-Olson Company, Mike Beddor, and Jesse Dodge; (b) file proof of service of the petition on self-represented respondent Yesnia Del Carmen Witcher; (c) pay the $550 filing fee or file a copy of a district court order waiving the filing fee on appeal; and (d) file a copy of the petition with the district court administrator

4.    Petitioner's failure to comply with this order may result in the imposition of sanctions,

including dismissal of the appeal.

## COUNT II RESPONDEAT SUPERIR LIABILITY

71. Paragraphs 2 through 71 are hereby incorporated by reference.

72. At all times material herein, Defendants Patrick Arneson, Elisa M. Hatlevig (A.R. #0336920),Jardine, Logan & O'Brien, Trevor S. Johnson (A.R. #0400849), **Richard S Stempel** , Jessica Hutchinson, Hinshaw, Reg. No.0403616 Palette S. Sarp, Reg. No. 351453, Scott G. Williams #0349410, Lindsey A. Streicher    #0397862, **HAL A. SHILLIMGSTADT (195777) Paula K. Maldonodo & SHARON** A. Markowitz all times material herein, Defendants was acting within the scope of the duties of the employment and in the execution of the service for which Defendants was engaged, **i.e., as attorneys against**

-15-

Smith in a civil lawsuit.

73. Defendant Hatlevig is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hatlevig further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

74. Defendant Arneson is an employee and/ attorney hired by City of Minnetonka to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Arneson further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

75. Defendant Trevor S. Johnson_is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Johnson further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

76.    **Defendant** Elisa M. Hatlevig an employee and/ attorney hired by Jardine, Logan & O'Brien to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hatlevig further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

77.    **Defendant** Richard S Stempel an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Stempel further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

78.    **Defendant** Jessica Hutchinson an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hutchinson further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

79.    **Defendant** Jessica Hutchinson an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hutchinson further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely

appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

80.     Defendant Palette S. Sarp an employee and/ attorney hired by Hinshaw to defend a civil rights lawsuit brough by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Sarp further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

81.     **Defendant** Scott G. Williams an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Williams further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

82.     **Defendant** Lindsey A. Streicher, Jardine, Logan & O'Brien, an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Streicher further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

83.     Defendant **SHARO**N A. Markowitz, STINSON, an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Markowitz further secured a final judgment

18

of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

84.     Defendant **HAL A. SHILLIMGSTADT** and Paula K. MALDONODO an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant **SHILLIMGSTADT** and MALDONODO further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024

85. Under the MSTCA, Defendants League Minnesota Cities, Hinshaw & Culbertson LLP, Stinson, Jardine, Logan & O'Brien and OGLETREE, Deakins, Nash, Smoak and Stewart, P. C. is subject to liability for torts "caused by an acts or omission of an employee of League Minnesota Cities, while acting within the scope of office or employment." Minn. Stat. § 3.736, subd. 1. "Scope of office or employment" means that "the employee was acting on behalf of the employer in the performance of duties or tasks lawfully assigned by competent authority." Minn. Stat. § 3.732, subd. 1(3) (2022).

**GROSS NEGLIGENCE**

86. Paragraphs 2 through 71 are hereby incorporated by reference.

87. Defendant Segal and Finch's failure to take prompt action against Defendant Anderson when Smith called her unlawful conduct to their attention, upholding Defendant Anderson deliberate acts and conduct although it clearly violated the rules and law of the Minnesota Appellate Court , failure to respond to complaints received

by Smith, constitutes a breach of the duty owed by Defendants Segal and Finch to the Smith, and constitutes gross negligence.

88. The Smith has been harmed by such breaches.

89. As a direct and proximate result of the aforesaid breaches of duty and gross negligence of Defendant Segak and Finch the Plaintiff has endured, and will endure for the rest of his life, the following:

a. Exacerbation of his mental and physical impairments i.e., hearing voices commanding him to hurt self and others;

b. extreme pain and suffering, including both psychological and physical suffering;

c. night fright;

d. paranoia;

e. lack of trust of people in authority.

f. agoraphobia;

g. lost present and future wages; and

h. present and future medic bills.

## THE REDRESS OF GRIEVANCE AND RETALIATION CLAIM

90. Defendant Anderson denied Smith his constitutional right to redress of grievances guaranteed to Smith under the 1st and 14th amendment to the U. S. Constitution and the Minnesota State Constitution; and fir review of her denial of a fee waiver and refusal to step-aside from handling Smith case based in bias and prejudice against Smith and when she deliberately failed to approve a fee waiver, three times, for Smith to perfect an appeal to the Minnesota Appellate Court to review her refusal to step-aside as a judge on Smith's case for cause.

91. Defendant Anderson further violated Smith's rights when she retaliated against Smith by blocking/denying Smith right to appeal all final orders she issued against Smith dismissing Smith lawsuit against all defendants. Smith has not been able to perfect his appeal because of Defendant Anderson conduct

92. Defendants Segal and Finch has aided and abetted Defendant Anderson in preventing Smith from having them to correct the unlawful conduct of Defendant Anderson by intentionally refusing to hold Defendant Anderson account for her unlawful conduct as alleged by Smith.

93. Defendants Anderson, Sagel and Finch conduct and omissions has caused Smith to be subjected to extreme mental anguish, pain and suffering, and has exacerbated Smith mental health impairments requiring Smith to see his medical providers for treatment.

**INTERFERENCE WITH MAKING CONTRACTS CLAIM**

94. Paragraphs 2 through 71 are hereby incorporated by reference

95.

Smith presented Defendants Segal and Finch with a certified copy of a fee waiver which was dated December 28, 2023 granted to Smith for purpose of paying the mandatory filing fee for Smith Writ of Prohibition filed with the Minnesota Court of Appeals and Smith was told he could not use this fee waiver for this purpose nut rather was required to pay the filing fee himself or present a new fee waiver from the district court although Defendants Segal and Finch knew or should have known the original fee waiver Smith presented for payment of the filing fee had not expired with in the one year time limitation and was still valid on its face. Defendant Segal and Finch conduct violated Smith's right to enter in to making contracts and the use of same for a legal purpose.

Defendant Anderson denied to Smith on three separate occasions, two time for a fee waiver to pay the cost of the filing fee for Smith's Writ off Prohibition and once for a fee waiver to appeal Defendant Anderson several final orders dismissing Smith's lawsuit against parties when she knew or should known Smith was unable to pay the filing fee Defendant Anderson conduct violated Smith's right to enter in to making contracts and the use of same for a legal purpose.

**DENIAL OF USE OF THE FEDERAL RECORD CLAIM**

96. Paragraphs 2 through 71 are hereby incorporated by reference

97. Smith when presenting his case at the September 3, 2024 and October 1, 2024 hearings before Defendant Anderson and attempting to make reference to material facts from the federal court removal proceedings Defendant Anderson intentionally prevented Smith from doing so by holding nothing that occurred there is relevant to the court and Smith can't refer to the federal record in her court. This conduct violated Smith's right to present evidence, to be heard on the facts(Defendant Anderson stated to Smith "…The Court does not need all the facts") and to present evidence in support of Smith defense. This further denied Smith a fair and proper hearing,, due process and equal protection of the law pursuant to U.S. Constitution & Minnesota State Constitution..

**FAILURE TO APPEAL FEDERAL MOTION TO DISMSISS CLAIM**

98. **Par**agraphs 2 through 71 are hereby incorporated by reference.

99. At all times material herein, Defendants Patrick Arneson, Elisa M. Hatlevig (A.R. #0336920),Jardine, Logan & O'Brien, Trevor S.

Johnson (A.R. #0400849), **Richard S Stempel**, Jessica Hutchinson, Hinshaw, Reg. No.0403616 Palette S. Sarp, Reg. No. 351453, Scott G. Williams #0349410, Lindsey A. Streicher    #0397862, **HAL A. SHILLIMGSTADT (195777) Paula K. Maldonado & SHARON** A. Markowitz Defendants was acting within the scope of the duties of the employment and in the execution of the service for which Defendants was engaged, **i.e., as attorneys against Smith in a civil lawsuit** .

100.    **Defendant Hatlevig is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hatlevig falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant Hatlevig further secured a final judgment of Smith's lawsuit by filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.**

101.    **Defendant <u>Arneson</u> is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant <u>Arneson</u> falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant <u>Arneson</u> further secured a final judgment of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge**

John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

102.     Defendant Johnson is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Johnson falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant Johnson further secured a final judgment of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

103.     Defendant Stempel is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Stempel falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant Stempel further secured a final judgment of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

23

104. Defendant Hutchinson is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Hutchinson falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant Hutchinson further secured a final judgment of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when she failed to timely appeal her 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court she joined against Smith on February 5, 2024.

105. Defendant Sarp is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Sarp falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant Sarp further secured a final judgment of dismissal of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when she failed to timely appeal her 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court she joined against Smith on February 5, 2024.

106. Defendant Williams is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Williams falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all

defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court that he joined against Smith on February 5, 2024. Defendant Williams further secured a final judgment of dismissal of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

107.

108. Defendant SHILLIMGSTADT is an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant SHILLIMGSTADT falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court, Defendant SHILLIMGSTADT further secured a final judgment of dismissal of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

109. Defendant Streicheris an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant Streicher falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when he know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court that he joined against Smith on February 5, 2024. Defendant Streicher further secured a final judgment of dismissal of Smith's lawsuit and filing a 2nd motion to dismiss that he knew or should have known he was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court he joined against Smith on February 5, 2024.

2 s

110. Defendant Maldonado **an employee and/ attorney hired to defend a civil rights lawsuit brought by Smith in the District Court of Hennepin County, Minneapolis, Minnesota and while representing his client committed material fraud to the court to gain an advantage for his client and to the detriment of Smith in violation of Smith rights to a fair and impartial hearing and the code of ethic (canons) governing attorneys. Defendant** <u>Maldonado</u> **falsely state to the court that Smith had failed to serve copies of his complaint on him or other defendants when she know or should have known this was not true. Smith in fact served all defendants/attorneys with a copy of his complaint when the removal proceedings were ongoing in federal court that he joined against Smith on February 5, 2024. Defendant** <u>Maldonado</u> **further secured a final judgment of dismissal of Smith's lawsuit and filing a 2nd motion to dismiss that she knew or should have known she was not entitled under law to pursue when he failed to timely appeal his 1st motion to dismiss issued by federal judge John Tunheim in a removal petition to federal court she joined against Smith on February 5, 2024.**

## DENIAL TO ACCOMMADATE SMITH CLAIM

Paragraphs 2 through 71 are hereby incorporated by reference.

111.    Smith is a Vulnerable Adult who sufferings from multiple mental and physical impairments. Three of Smith medical providers wrote letters on behalf of Smith that was provided to Defendant Anderson requesting based on Smith's disabilities that he be accommodated based on his special situation. Defendant Anderson failed to take Smith's situation in to consideration and accommodate Smith but rather expected Smith to function and perform normally at all times which was not acceptable due to Smith's limitations and disabilities. This violated Smith right under the ADA and Minnesota Human Rights Act.

WHEREFORE, for the reasons set forth above, your Plaintiff moves this Honorable Court for a judgment and award of execution against the defendants in the amount **of FIFTY MILLION DOLLARS and 00/100 ($50,000,000.00),** in compensatory damages together with interest from December 28, 2032, to date, as well as her costs expended in these proceedings and such other and further relief as this Court may deem appropriate. Moreover, Smith seeks a declaratory Judgment holding defendants have violated Smith rights and an order of injunction allowing Smith to perfect his appeal.

26

A TRIAL BY JURY IS HEREBY DEMANDED.

**Dated this 20th day of February, 2025.**

Respectfully submitted.

Jerry Smith

600 West 93rd Street Apt, 107

Blooming, Minnesota 55420

**952 652-35**

Subscribed and sworn before me on this 20th  day of February, 2025.

My Commission Expires: Jan 31,2028

Notary Public: Sara Kate Wagner

SARA KATE WAGNER
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

**27**