**APPENDIX # 8**

**ORDER DENYING TEMPORARY RESTRAINING ORDER BY JUDGE JAMIE ANNDERSON**

STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF HENNEPIN                                          FOURTH JUDICIAL DISTRICT

Jerry Smith,
                Plaintiff,

v.

Allstate Insurance, Julie Parsons, Carolyn Soto,
Liz Jones, Kristen Ryan,
The Hartford, Douglas Elliot, Property &
Casualty Insurance Company of Hartford,
Hartford Auto Managed Care, Christine
Anderson, Rose Martinez, Carrie Ramos,
AARP, John Larew, Ryan Hatcher, Jeff Gaboury,
Jay Fleming, The General Automobile Insurance
Services, Tony DeSantis, State Farm Mutual
Automobile Insurance, Michael Tipsord,
Minnetonka Police Department, Scott Boerboom,
Armando Sanchez, Yesnia Del Carmen Witcher,
Express Employment Professionals, Karen
Elfstrand, Japs-Olson Company, Mike Beddor,
John Does and Jane Does,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Court File No. 27-CV-23-19463

---

The above-entitled matter came before the Court on September 3, 2024, on Plaintiff's motion for a temporary restraining order (TRO) against Defendants Allstate Insurance Company, Julie Parsons, Carolyn Soto, Liz Jones, and Kristen Ryan (collectively, the "Allstate Defendants"), and The Hartford, Douglas Elliot, President-CEO for Hartford, Property & Casualty Company of Hartford, Kristen Anderson, Rose Martinez, and Carrie Ramos (collectively, the "Hartford Defendants"). Plaintiff appeared, representing himself. Attorney Richard Stempel appeared on behalf of the Allstate Defendants and Attorney Jessica Hutchinson appeared on behalf of the Hartford Defendants.

Based on the filings and arguments of the parties, the Court makes the following:

1

# ORDER

1. Plaintiff's motion for a Temporary Restraining Order is hereby DENIED.

2. The following memorandum is incorporated herein.

**Dated:** October 23, 2024

*Jamie L. Anderson*
Jamie L. Anderson
Judge of District Court

## MEMORANDUM

Background

Plaintiff filed the Complaint in this case on December 28, 2023. Defendants Japs-Olson Company, Mike Beddor, and Jesse Dodge removed this matter to federal court on February 5, 2024. (Notice of Removal, Court File Index #21). Plaintiff then filed a motion in federal court for leave to amend his complaint to remove all references to federal law and filed a motion to remand. (Attorney Hutchinson Decl. Ex. 2, Mot. to Amend; Ex. 3, Mot. to Remand). The federal district court granted Plaintiff's motions and remanded the matter to Hennepin County District Court on May 29, 2024. (Order Granting Plaintiff's Mot. to Amend and Mot. for Remand and Denying all Other Mots. as Moot, Court File Index #24). Plaintiff filed the present motion for a temporary restraining order on July 15, 2024, the same day the Court held a scheduling conference. This Court issued an amended Scheduling Order for the case on July 16, 2024. The Plaintiff's TRO motion and Allstate Defendants' and State Farm Defendants' motions to dismiss were heard on September 3, 2024, and taken under advisement. (The orders on the motions to dismiss will be issued separately.)

Discussion

Plaintiff's motion seeks to require "Defendants Allstate and Hartford Insurance to pay to [Plaintiff] all owed and outstanding Minnesota Automobile No-fault Automobile Insurance Benefits, including but not limited to, loss wages, disability, medical, interest and penalties." (Pl.'s Mem. in Supp. of Mot. at 1). A TRO, or temporary injunction, is intended to preserve the status quo of a case pending an adjudication on the merits. *Miller v. Foley*, 317 N.W.2d 710, 713 (Minn. 1982). Through the present motion, Plaintiff is asking for adjudication on the merits. His request is identical to that which is in his

3

Complaint, including payment of monetary damages.[1] As such, a temporary restraining order granting the relief sought is not appropriate and granting such a motion would be inconsistent with governing case law.

Conclusion

    For the foregoing reasons, Plaintiff's motion for a temporary restraining order must be DENIED.

-   *jla*

---

[1] Plaintiff's filed documents do not have numbered pages and paragraph sections have inconsistent numbering. The Court is therefore unable to cite to specific page or paragraph numbers in Plaintiff's filings.

4