# APPENDIX # 10

**Copy of District Court Order Granting Fee Waiver to Smith.**

**State of Minnesota**  **District Court**

County of Hennepin    Court File Number: 27-CV-23-19463

Fourth Judicial District    Case Type: Civil Other/Misc.

JERRY SMITH vs Allstate Insuarance et. al.

---

## Order Granting Fee Waiver Request

Based on the affidavit of the applicant, JERRY SMITH, and the authority of Minn. Stat. § 563.01, the Court FINDS:

1. The applicant's claims are either:

    ☒ Not frivolous, and the applicant meets at least 1 of the 3 eligibility criteria listed under Minn. Stat. § 563.01, subd. 3(b):
    - Receives public assistance as described in Minn. Stat. § 550.37, subd. 14;
    - Is represented by an attorney on behalf of a civil legal services program or volunteer attorney program based on indigency; and/or
    - Has an annual income less than or equal to 125% of the poverty line.

    **OR**

    ☐ Not frivolous, and the applicant does not meet the eligibility criteria under Minn. Stat. § 563.01, subd. 3(b). However, the applicant is not able to pay all of the fees, costs, and security for costs.

**IT IS ORDERED THAT:**

1. The applicant is authorized to proceed under a full or partial fee waiver.
2. ☒ The applicant shall not be required to pay any fees, costs, and security.

    **OR**

    ☐ The applicant does not receive public assistance, does not have an income below 125% of the poverty line, and is not represented by a civil legal services or volunteer attorney program based on indigency. However, the applicant is not able to pay all fees, costs, and security for costs. The applicant shall pay $_____ towards fees, costs, and security, which shall be due immediately upon filing.

3. All necessary pleadings in this proceeding shall be served by the Sheriff of the appropriate county as requested without payment of any fees or costs.

4. If, following the start of the action, the applicant no longer meets the eligibility criteria under Minn. Stat. § 563.01, subd. 3(b), or becomes able to pay a higher amount than previously ordered, the Court may order reimbursement of all or a portion of the fees, costs, and security for costs.

5. If funds are recovered by either settlement or judgment in this action, the costs deferred and expenses directed by the Court to be paid in this order shall be included in such settlement or judgment and shall be paid directly to the Court Administrator by the opposing party.

6. This order expires one year from the date of this order, unless otherwise amended or altered by the court. The applicant shall reapply if the applicant seeks to request a fee waiver after the one-year period.

Recommended by:

Draeger, Amy
2023.12.28
14:40:38 -06'00'

_____   _____
Referee of District Court     Date

BY THE COURT:

*(signed)*

_____   _____
Judge of District Court       Date
                              12/28/2023

*Order Regarding Fee Waiver Request*

MNCIS-FEE-104   State   Eng   Rev 9/23   Page **2** of 2

| | |
|---|---|
| State of Minnesota<br>Hennepin County | District Court<br>Fourth Judicial District |

**Court File Number: 27-CV-23-19463**
Case Type: Civil Other/Misc.

## Mailing Label for All Files

JERRY SMITH
600 W 93RD ST
APT 107
BLOOMINGTON MN  55420

---

### JERRY SMITH vs Allstate Insurance et. al.

Please find enclosed, documents from Hennepin County Court Administration.

If you have any questions, please call 612-348-3164.

Dated: January 13, 2025

Sara Gonsalves
Court Administrator
Hennepin County District Court
300 South Sixth Street, C-3
Minneapolis MN  55487-0332

cc:

10 B

**State of Minnesota**                                                            **District Court**

County of Hennepin                                                         FOURTH JUDICIAL DISTRICT

Court File Number:27-CV-23-19463
Case Type: Civil

Jerry Smith,

v

Allstate Insurance, et al.

## Order Denying Fee Waiver in the Court of Appeals

Minn. Stat. § 563.01 & Minn. R. App. P. 109

---

The Court denied Plaintiff's first application for fee waiver in the court of appeals on November 25, 2024, because the filings were insufficient. The Order stated, "the applicant must file a completed motion and affidavit for fee waiver in the Court of Appeals, fully answering all applicable questions and attaching proof of public assistance and/or financial situation." Court File Index No. 196.

The Court denied Plaintiff's second application on December 9, 2024, again because of insufficient information. He stated his income was $25,000 per year and that he received supplemental social security and MSA and/or SNAP benefits, but the supporting documentation showed only regular social security income and no proof of MSA or SNAP. The Court directed the Plaintiff to "submit[] proof of SNAP, MSA or *Supplemental* Social Security payments…" Court File Index No. 210.

On December 17, 2024, Plaintiff filed "Request for Order Granting Transcripts an (sic) Order to Appeal In Forma Pauperis." Court File Index No. 232. This Court denied reconsideration because the additional documentation necessary to consider eligibility for a fee waiver was not filed. Court File Index No. 245.

On January 7, 2025, Plaintiff filed another affidavit to request fee waiver. Court File Index No. 253. (Though the filed form does not specify court of appeals, because of Plaintiff's previous filings and the status of the case, this Court assumes Plaintiff intends to apply for a fee waiver for his appeal.) Plaintiff's application remains incomplete. He has not attached additional documentation as required by the Court. He circles "a copy of EBT card" on the form, but does not attached such a copy nor include any supporting documentation to his claim that he

Page 1 of 2

receives SNAP benefits or supplemental social security benefits. Further, the new affidavit now does not claim any income, which is inconsistent with previous filings, and the remainder of the form is blank.

**IT IS ORDERED THAT:** The applicant's request for fee waiver is DENIED.

BY THE COURT:

*[signature]* 1/13/2025

Judge of District Court        Date

# APPENDIX # 11

**COPY OF SMITH'S APPEAL REQUEST MINNESOTA COURT OF APPEALS TO REVIEW, CORRECT AND HOLD JUDGE JAMIS ACCOUNTABLE FOR VIOLATING RULES AND LAW**