# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY SMITH, | Case No. 25-cv-0700 (LMP/ECW) |
| Plaintiff, | |
| v. | |
| JAMIE A. ANDERSON, JENNIFER L. FRISCH, SUSAN L. SEGAL, PATRICK L. ARNESON, ELISA M. HATLEVIG, TREVOR S. JOHNSON, RICHARD S. STEMPEL, JESSICA HUTCHINSON, PALETTE S. SARP, SCOTT G. WILLIAMS, LINDSEY A. STREICHER, HAL A. SHILLIMGSTADT, SHARON MARKOWITZ, and PAULA K. MALDONADO, | **ORDER DISMISSING CASE** |
| Defendants. | |

Plaintiff Jerry Smith alleges that Defendants—a collection of Minnesota state court judges and private attorneys—conspired to deny him his constitutional rights and perpetrated fraud on the Minnesota state court in relation to a sprawling complaint he previously filed in state court. *See generally* ECF No. 1-1. Smith further seeks an order for a declaratory judgment and a preliminary injunction. ECF No. 7. In lieu of paying the filing fee, Smith applied to proceed *in forma pauperis* ("IFP"). ECF No. 4 ("IFP Application"). Thus, under 28 U.S.C. § 1915(e)(2)(B), this Court first must review Smith's complaint to determine whether it is frivolous or otherwise fails to state a claim on which relief may be granted. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (citing 28

U.S.C. § 1915(e)(2)(B)(ii)) ("[A] district court may dismiss an action filed in forma pauperis 'at any time' if the court determines that the action fails to state a claim on which relief may be granted."). Because Smith's complaint does not state a valid claim, the Court dismisses the case without prejudice and denies the IFP Application as moot.

## BACKGROUND

In December 2023, Smith filed a complaint in Minnesota state court against numerous defendants, including insurance companies (Allstate, Hartford, AARP, The General, and State Farm), their representatives, a staffing agency (Express Employment Professionals), a commercial printer (Japs-Olson), and the Minnetonka Police Department. *See Smith v. Allstate Ins.*, No. 27-cv-23-19463, Index #1 at 1–2 (Minn. Dist. Ct. Dec. 28, 2023).[1] Smith alleged that these defendants discriminated against him based on age, race, and disabilities; improperly denied or mishandled insurance claims arising from car accidents in 2018, 2020, and 2021; fraudulently induced Smith into an unfair settlement agreement despite his incompetency; improperly denied benefits; and engaged in negligence, breach of fiduciary duty, and intentional infliction of emotional distress. *See id.* at 7–34. Smith sought $50 million in compensatory damages. *See id.* at 35.

In February 2024, defendants removed the case to federal court based on federal-question jurisdiction. *See generally Smith v. Allstate Ins.*, No. 24-cv-0321 (JRT/TNL),

---

[1] Some materials cited in this Order appear in the appendices that Smith submitted with the Complaint. *See, e.g.*, ECF No. 1-2. More legible copies are available in the online dockets of the relevant state-court and federal-court cases, and the Court has used those copies when possible. The Court may take judicial notice of public judicial records. *E.g., Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

ECF No. 1 (D. Minn. February 5, 2024). Smith thereafter amended his complaint to remove all federal-law references, and the case was remanded back to Minnesota state court. *Smith v. Allstate Ins.*, No. 24-cv-0321 (JRT/TNL), ECF No. 115 (D. Minn. May 28, 2024).

In August 2024, defendants began filing motions to dismiss in the state-court action. *See, e.g.*, *Smith v. Allstate Ins.*, No. 27-cv-23-19463, Index #77, 85, 94, 98, 120, 127, 132, 138 (Minn. Dist. Ct.). After granting multiple dismissal motions in the fall of 2024, Judge Jamie L. Anderson issued an order on December 12, 2024, dismissing Smith's claims against the last remaining defendant and closing the case. *See id.*, Index #241 at 1–2 (Minn. Dist. Ct. Dec. 12, 2024).

I.  **The Current Litigation**

Smith filed this action on February 21, 2025. ECF No. 1. Smith names as defendants several judges and attorneys involved with his state-court case. *See generally* ECF No. 1-1.

As for the judges, Smith first brings claims against Judge Anderson primarily for alleged constitutional violations and judicial misconduct. *See id.* at 6–14. For instance, he asserts that Judge Anderson repeatedly violated his constitutional rights to due process and equal protection by refusing to allow him proper participation in hearings, arbitrarily denying fee waivers Smith needed to pursue appeals, and disregarding federal court rulings and amended pleadings. *See id.* Smith further claims that Judge Anderson refused to accommodate his documented mental and physical disabilities, exacerbating his conditions. *See id.* at 11–14. Smith also names Chief Judge Jennifer Frisch (a Minnesota

3

Court of Appeals judge) and Judge Susan Segal (formerly Chief Judge of the Minnesota Court of Appeals) as Defendants (collectively "Judicial Defendants" or "Minnesota judges") and alleges that they negligently supervised Judge Anderson and failed to discipline or remove her after he filed various complaints about Judge Anderson. *See id.* at 13–14.

As for the private-practice attorneys[2] (collectively "Attorney Defendants"), Smith alleges fraud on the state court, procedural misconduct, and ethical violations stemming from their representation of the various defendants in the state-court action. Specifically, Smith accuses these attorneys of deliberately misrepresenting facts—particularly by falsely stating he failed to properly serve his complaint—to secure the dismissal of his lawsuit. *See id.* at 4–5, 15–19. He also contends that the Attorney Defendants improperly filed motions to dismiss in the state-court action and obtained a final judgment to which they were not lawfully entitled. *See id.* at 16–19. Although Smith does not explicitly characterize the attorneys' alleged misconduct as standalone constitutional violations nor

---

[2] Patrick L. Arneson served as counsel in state court for the Minnetonka Police Department. Elisa M. Hatlevig and Trevor S. Johnson represented The General. Richard S. Stempel represented Allstate. Jessica Hutchinson and Palette S. Sarp represented The Hartford and AARP. Scott G. Williams and Lindsey A. Streicher represented State Farm. Hal A. Shillimgstadt and Paula K. Maldonado represented Express Employment Professionals. And Sharon Markowitz represented Japs-Olson Company. *See generally* State-Court Docket, No. 27-cv-23-19463 (Minn. Dist. Ct.). It is unclear whether Smith intends to sue only the attorneys individually or if he also means to sue their law firms and employers. *See* ECF No. 1-1 at 3 (stating that Defendants include "a district and two (2) appellate judges and several employees who ran, operated or worked [a]t law firms that operate as [local/national] corporations"). The ambiguity is irrelevant here, however, as the Court's analysis applies equally in either scenario.

4

cite to any specific federal statute that they purportedly violated,[3] he asserts their actions facilitated the judicial misconduct and constitutional violations committed by the Judicial Defendants.

For relief, Smith seeks $50 million in damages, declaratory relief, and "an order of injunction allowing [him] to perfect his appeal," presumably referring to an appeal in his state-court case. ECF No. 1-1 at 26.

## **ANALYSIS**

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The factual allegations in the complaint need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the proposed claims, and the Court cannot "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

---

[3] The only laws or statutes Smith cites in his complaint when discussing the Attorney Defendants are either Minnesota state statutes or Minnesota state rules of procedure. *See, e.g.*, ECF No. 1-1 at 8, 10, 19.

## II.     Claims Against Minnesota Judges

The Court will first address Smith's claims against the three Minnesota judges, which clearly raise the issue of judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). The doctrine is grounded in the principle that "a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (citation omitted).

"A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge is not immune for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and second, a judge is not immune for actions "though judicial in nature, taken in the complete absence of all jurisdiction." *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 760 (8th Cir. 2019) (citation omitted). These exceptions to judicial immunity are narrowly drawn and rarely met.

Generally, an action is "nonjudicial" if it falls outside of or is unrelated to the typical functions and authority judges normally exercise. *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 432 U.S. 349, 362 (1978)); *see, e.g.*, *Rockett ex rel. K.R. v. Eighmy*, 71 F.4th 665, 670–71 (8th Cir. 2023) (citing cases). A judicial act occurs in the "complete absence of all jurisdiction," on the other hand, when a judge acts clearly beyond the court's legal

authority to decide or even hear the matter at issue. *See, e.g.*, *Stump*, 435 U.S. at 357; *Rockett*, 71 F.4th at 672–73 (citing cases).

Under these standards, Smith's complaint contains no allegations suggesting that the actions of Judge Anderson were nonjudicial or taken in the complete absence of jurisdiction. *See, e.g.*, ECF No. 1-1 at 6–7 (taking issue with Judge Anderson's management of his case after remand); *id.* at 7–8 (criticizing Judge Anderson's pre-trial scheduling order); *id.* at 8–9 (arguing that Judge Anderson should have recused herself after he filed a notice of appeal); *id.* at 10–11 (arguing that Judge Anderson improperly denied him a fee waiver for his appeal). Each of these allegations are based on Judge Anderson's management of and decisions in Smith's state-court case, which are matters typically within a judge's ordinary functions. *See, e.g.*, *Benedek v. Adams*, 725 F. App'x 755, 760 (11th Cir. 2018) (citation omitted) (noting that a judge's "rulings . . . and her failure to recuse herself . . . are normal judicial functions over which she had subject matter jurisdiction"); *Carney v. Christiansen*, 422 F. Supp. 2d 841, 850 (W.D. Mich. 2006) (noting that a state court judge's fee waiver decision was a "judicial action"); *Barnes v. City of Dothan*, 795 F. Supp. 2d 1276, 1281 (M.D. Ala. 2011) ("[D]ocket management and case scheduling are certainly normal judicial functions.").

His allegations against Judges Frisch and Segal also derive entirely from their exercise of judicial functions. *See, e.g.*, ECF No. 1-1 at 13 (alleging that the appellate judges should have ordered Judge Anderson to recuse herself); *id.* at 14 (alleging that the appellate judges "fail[ed] to prompt[l]y sanction" Judge Anderson). The decisions made by the appellate judges are judicial ones. *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409,

412 (5th Cir. 2009) (per curiam) (holding recusal and the failure to recuse is "the type[] of administrative or ministerial conduct for which judicial immunity" is available); *Price v. Porter*, No. 09-cv-0176, 2009 WL 1210509, at *4 n.5 (W.D. La. May 1, 2009) (citations omitted) ("Courts unanimously have found that a failure to recuse oneself is a judicial act for purposes of absolute judicial immunity.").

Judicial immunity clearly applies, and the Court dismisses this action with prejudice insofar as it seeks relief against the Minnesota judges. See *Bergeron v. Ramsey Cnty. Courts*, No. 23-cv-2850 (NEB/DJF), 2023 WL 8251639, at *2 (D. Minn. Nov. 9, 2023) (citing *Grazzini-Rucki v. Knutson*, 597 F. App'x 902, 903 (8th Cir. 2015) (per curiam)).

### III. Claims Against Attorney Defendants

Regarding his claims against the Attorney Defendants, Smith mainly accuses these Defendants of procedural misconduct, fraud on the court, ethical violations, and false statements about service of process. Notably, Smith does not cite a specific federal cause of action nor a specific federal constitutional violation. And none of his allegations—even liberally construed—implicate one.[4]

---

[4] To the extent Smith intends to bring constitutional claims against the Attorney Defendants, he presumably relies on 42 U.S.C. § 1983. But an essential requirement of a Section 1983 claim is that the defendants must have acted "under color of state law." *Brown v. Linder*, 56 F.4th 1140, 1143 (8th Cir. 2023). Smith's allegations plainly do not implicate that any of the Attorney Defendants were acting under color of state law, and private attorneys representing clients in lawsuits generally do not act under color of state law. *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."). Nor are there any allegations that would plausibly allege a "meeting of the minds" between the judges and the Attorney Defendants necessary to support a Section 1983 conspiracy claim. *See*

Accordingly, if Smith's complaint alleges a valid cause of action against the Attorney Defendants, it appears to be limited to a violation of Minnesota common law. But the Court only has supplemental jurisdiction over the state-law claims and "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court does so here. Because Smith's federal-law claims are dismissed well before trial, the Court dismisses any remaining state-law claims Smith attempts to bring "so that [they] may be considered, if at all, by the courts of Minnesota." *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008). This dismissal is without prejudice. *St. John v. Int'l Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1217 (8th Cir. 1998) ("Normally, the decision not to exercise supplemental jurisdiction results in a dismissal without prejudice.").

---

*Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 845 (D. Minn. 2021) (citations omitted) (internal quotation marks omitted).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Smith's Complaint, ECF Nos. 1 & 1-1, is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2) to the extent it brings claims against the Judicial Defendants Judge Jamie A. Anderson, Chief Judge Jennifer L. Frisch, and Judge Susan L. Segal;

2. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)—for failure to state a claim—to the extent it seeks to bring any other federal-law claims against the Attorney Defendants;

3. The remainder of this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3); and

4. Smith's IFP Application (ECF No. 4), and Motion for Order for Declaratory Judgment, Preliminary Injunction and Hearing (ECF No. 7) are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 12, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge