# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY SMITH, | Case No. 25-cv-700 (LMP/ECW) |
| Plaintiff, | |
| v. | |
| JAMIE A. ANDERSON, JENNIFER L. FRISCH, SUSAN L. SEGAL, PATRICK L. ARNESON, ELISA M. HATLEVIG, TREVOR S. JOHNSON, RICHARD S. STEMPEL, JESSICA HUTCHINSON, PALETTE S. SARP, SCOTT G. WILLIAMS, LINDSEY A. STREICHER, HAL A. SHILLIMGSTADT, SHARON MARKOWITZ, and PAULA K. MALDONADO, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Defendants. | |

On May 12, 2025, the Court dismissed Plaintiff Jerry Smith's ("Smith") complaint, ECF No. 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), *see generally* ECF No. 9. Smith now moves for reconsideration, arguing that the Court "failed to consider all material facts" from the complaint. ECF No. 11 at 2. For the reasons discussed below, the Court will deny the motion.

## BACKGROUND[1]

Smith's complaint alleged that the Defendants—a collection of Minnesota state

---

[1] The Court assumes familiarity with the factual background and legal conclusions in its Order dismissing Smith's complaint, ECF No. 9, and will only discuss those facts pertinent to the present motion.

court judges and private attorneys—conspired to deny him his constitutional rights and perpetrated fraud on the Minnesota state court in relation to a complaint he had previously filed in state court. *See generally* ECF No. 1-1. Essentially, he argued that the Defendants collectively and individually interfered with his ability to prosecute the state court action.

Relevant here, Smith named several judges: Judge Jamie A. Anderson (a Minnesota district court judge), Chief Judge Jennifer Frisch (the current Chief Judge of the Minnesota Court of Appeals), and Judge Susan Segal (the former Chief Judge of the Minnesota Court of Appeals). ECF No. 1-1 at 1. Specific to Judge Anderson, Smith alleged that she refused to allow him proper participation in hearings, arbitrarily denied fee waivers Smith needed to pursue appeals, and disregarded federal court rulings and amended pleadings. *Id.* at 6–14.

Because Smith sought *in forma pauperis* filing status, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 9 at 1. Finding that Smith failed to state a claim against any of the Defendants, the Court dismissed the complaint. *Id.* at 2. Relevant here, the Court found that the judges were entitled to judicial immunity from suit because Smith's complaint related to their legitimate judicial actions. *Id.* at 6–8. This included Judge Anderson's refusal to grant him a fee waiver. *Id.* at 7.

Smith now moves for reconsideration. The motion largely focuses on the Court's decision to dismiss the claims against the judges on judicial immunity grounds. ECF No. 11 at 2. He asserts that the judges are not entitled to judicial immunity because their actions were nonjudicial. *Id.* at 16. He further argues that Judge Anderson is not entitled to judicial immunity on his fee-waiver claim because he seeks prospective declaratory

2

relief. *Id.* at 20–22. Finally, he reasserts that the private attorneys' actions were in violation of his constitutional rights. *Id.* at 25.

## ANALYSIS

It is unclear from Smith's motion for reconsideration whether he seeks reconsideration under Federal Rule of Civil Procedure 59(e) or Rule 60(b). Rule 59(e) allows a court "to rectify its own mistakes in the period immediately following the entry of judgment." *Williamson v. Stange*, No. 1:22-cv-117 JAR, 2022 WL 13818675, at *2 (E.D. Mo. Oct. 24, 2022) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). But Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). Rule 60(b), on the other hand, allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of: (1) the court's mistake; (2) newly discovered evidence; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment is no longer applicable; or (6) any reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (citation omitted).

Though Smith does not identify the specific basis for the motion, he largely attacks the Court's legal conclusions and faults the Court for not considering certain facts, and therefore implicates the "manifest errors of law" standard of Rule 59(e) or the Court's

authority under Rule 60(b) to correct its own mistakes. Under either Rule, though, the analysis and conclusion are the same because the Court did not commit error.

## I. Claims Against Minnesota Judges

Smith asserts two errors with the Court's analysis of his claims against the state-court judges. First, Smith details extensively what he believes are incorrect decisions or actions taken by the Minnesota judges. ECF No. 11 at 2–16. He then argues that the judges are not entitled to judicial immunity because these decisions or actions were "outside the umbrella of lawful acts" and "not the protective conduct and behavior of a court acting under appropriate jurisdiction." *Id.* at 16–17. The Court already rejected this argument, ECF No. 9 at 6–8. Smith presents no new factual or legal argument; he simply reasserts that the judges' actions were nonjudicial. Again, though, Smith is mistaken. That is because Smith's complaints relate solely to the typical functions and authority that judges normally exercise. *See* ECF No. 9 at 7–8 (analyzing Smith's complaint). An action is "nonjudicial" only if it falls outside of or is unrelated to the typical functions and authority judges normally exercise. *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (quoting *Stump v. Sparkman*, 432 U.S. 349, 362 (1978)); *see, e.g.*, *Rockett ex rel. K.R. v. Eighmy*, 71 F.4th 665, 670–71 (8th Cir. 2023) (citing cases). That is not the case here as Smith complained about Judge Anderson's management of his case, criticized the pretrial scheduling order, and argued that the denial of a fee waiver was improper, among other "typical" judicial tasks Smith challenges. *See* ECF No. 1 at 7–11.

Second, Smith argues that even if judicial immunity applies to his claims for damages, it does not apply to his request for declaratory relief and an injunction requiring

4

the judges and the state courts to grant him a fee-waiver and perfect various appeals he wants to pursue. ECF No. 11 at 20–21. The Court did not analyze this specific argument in its original Order. Nevertheless, it is without merit. As for Smith's request for injunctive relief, "judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity," except under circumstances not alleged here. *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 764 (8th Cir. 2019) (citation omitted). Even if Smith's request for relief is deemed prospective—and as explained below, it is not—judicial immunity still bars Smith from receiving his requested injunctive relief.

As for Smith's request for declaratory relief, the Eighth Circuit has recognized a narrow exception to judicial immunity for claims for prospective declaratory relief, but "not every plaintiff is entitled to this remedy." *Id.* (quoting *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008)). Indeed, "declaratory relief is limited to *prospective* declaratory relief," not "a declaratory judgment that past actions" were unconstitutional. *Id.* (citation omitted). "A complaint 'seeking . . . a declaration of past liability' against a judge instead of 'future rights' does not satisfy the definition of 'declaratory judgment' and renders declaratory relief unavailable." *Id.* (quoting *Lawrence*, 271 F. App'x at 766). But Smith seeks nothing more than a declaration that the state court judges' *past* actions in denying him a fee waiver were unconstitutional and for the Court to force the state courts to accept his fee waiver and appeal. ECF No. 11 at 20–21; *see Lawrence*, 271 F. App'x at 766 (emphasis added) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim

5

liability for a past act."); *Johnson v. McCuskey*, 72 F. App'x 475, 477–78 (7th Cir. 2003) (quotations omitted) (explaining that declaratory judgments are not simply requests "to proclaim that one party is liable to another," but are meant "to define the legal rights and obligations of the parties in the anticipation of some future conduct").

Accordingly, the Court correctly concluded that Smith's claims against the Minnesota judges were barred by the doctrine of judicial immunity, and the Court denies Smith's request for reconsideration as to these claims.

## II.   Claims Against Attorney Defendants

Regarding his claims against the attorneys, Smith reiterates that he is attempting to bring constitutional claims against the attorneys, not just common-law claims. ECF No. 11 at 23, 25. But as the Court explained, an essential requirement of a Section 1983 claim is that the defendants must have acted "under color of state law." ECF No. 9 at 8 n.4 (quoting *Brown v. Linder*, 56 F.4th 1140, 1143 (8th Cir. 2023)). None of the attorneys Smith seeks to sue were acting under color of state law, nor does Smith assert as much. To the contrary, he simply asserts that their actions violated his constitutional rights. ECF No. 11 at 25. Yet, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations." *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam). To the extent that Smith argues that the attorneys conspired with the Minnesota judges to deny him his constitutional rights, Smith again alleges no facts evidencing a "meeting of the minds" between the judges and the attorneys necessary to support a Section 1983 conspiracy claim. *See Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 845 (D. Minn.

2021) (citations omitted) (internal quotation marks omitted). Accordingly, the Court correctly dismissed Smith's claims against the private attorneys.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Smith's Motion for Reconsideration (ECF No. 11) is **DENIED**.

Dated: June 11, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge