## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY SMITH, | Case No. 25-cv-700 (LMP/ECW) |
| Plaintiff, | |
| v. | |
| JAMIE A. ANDERSON, JENNIFER L. FRISCH, SUSAN L. SEGAL, PATRICK L. ARNESON, ELISA M. HATLEVIG, TREVOR S. JOHNSON, RICHARD S. STEMPEL, JESSICA HUTCHINSON, PAULETTE S. SARP, SCOTT G. WILLIAMS, LINDSEY A. STREICHER, HAL A. SHILLIMGSTADT, SHARON MARKOWITZ, and PAULA K. MALDONADO, | **ORDER** |
| Defendants. | |

On May 12, 2025, the Court dismissed Plaintiff Jerry Smith's ("Smith") complaint, ECF No. 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), *see generally* ECF No. 9. The complaint alleged that the Defendants—a collection of Minnesota state court judges and private attorneys—conspired to deny him his constitutional rights and perpetrated fraud on the Minnesota state court in relation to a complaint he had previously filed in state court. *See generally* ECF No. 1-1. The Court dismissed the complaint during screening under 28 U.S.C. § 1915(e)(2)(B) because Smith's claims against the judicial defendants were barred by judicial immunity and any claims against the private attorneys arose under Minnesota common law. ECF No. 9 at 6–10.

On May 30, 2025, Smith moved for reconsideration, ECF No. 11, which the Court denied on June 11, 2025, ECF No. 15. Smith's reconsideration motion focused on the Court's decision to dismiss the claims against the judges on judicial immunity grounds. ECF No. 11 at 2. He asserted that the judges are not entitled to judicial immunity. *Id.* at 16. The Court denied the motion because the judges were entitled to judicial immunity. *See generally* ECF No. 15. Smith filed a notice of appeal, ECF No. 16, and a motion in this Court seeking the Court's authorization to proceed *in forma pauperis* ("IFP") on appeal, ECF No. 17.

A party who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). A party may not proceed IFP on appeal, however, if the district court certifies that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, a court must evaluate whether "the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

Smith's notice of appeal and his motion to proceed IFP on appeal provide no grounds for the appeal, which by itself provides grounds to deny the motion. *Lopez v. Amazon.com Servs., LLC*, No. 23-cv-006 (JRT/DLM), 2023 WL 5000260, at *1 (D. Minn. Aug. 4, 2023) ("Without an explanation of the issues to be appealed, the Court is unable to determine whether the appeal is taken in good faith, as required by statute."). Nevertheless, even taking the issues raised in the motion for reconsideration as issues Smith intends to

2

raise on appeal, Smith has failed to demonstrate that any of them are meritorious. Further, the Court can otherwise discern no non-frivolous basis for the appeal. Accordingly, the Court denies Smith's request to proceed IFP on appeal.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Smith's application to proceed IFP on appeal (ECF No. 17) is **DENIED**.

Dated: July 11, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge